JOHNSON & PHAM, LLP
Christopher D. Johnson, SBN: 222698
 E-mail: cjohnson@johnsonpham.com
Christopher Q. Pham, SBN: 206697
 E-mail: cpham@johnsonpham.com
Nicole L. Drey, SBN: 250235
 E-mail: ndrey@johnsonpham.com
Hung Q. Pham, SBN: 276613
 E-mail: ppham@johnsonpham.com
6355 Topanga Canyon Boulevard, Suite 326
Woodland Hills, California 91367
Telephone: (818) 888-7540
Facsimile: (818) 888-7544

Attorneys for Plaintiffs
BMW OF NORTH AMERICA, LLC, and
BAYERISCHE MOTOREN WERKE AG

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| BMW OF NORTH AMERICA, LLC, a Delaware Limited Liability Company, and BAYERISCHE MOTOREN WERKE AG, a German Corporation,<br><br>   Plaintiffs,<br><br>   v.<br><br>SZD, a California Corporation; IRSAT SOZUDEMIR a/k/a TYLER SOZUDEMIR, an Individual; and DOES 1-10, inclusive,<br><br>   Defendants. | Case No.:  2:16-cv-2334<br><br>**COMPLAINT FOR DAMAGES AND DECLARATORY RELIEF:**<br><br> **(1) FEDERAL TRADEMARK INFRINGEMENT [15 U.S.C. § 1114/Lanham Act §32(a)]**<br> **(2) FALSE DESIGNATION OF ORIGIN/UNFAIR COMPETITION [15 U.S.C. §1125(a)/Lanham Act §43(a)]**<br> **(3) TRADEMARK DILUTION [15 U.S.C. §1125(c)]**<br> **(4) UNFAIR BUSINESS PRACTICES [*CALIFORNIA BUSINESS & PROFESSIONS CODE* §17200]**<br><br>**[DEMAND FOR JURY TRIAL]** |

   COME NOW, Plaintiffs BMW OF NORTH AMERICA, LLC ("BMW NA"),

and  BAYERISCHE  MOTOREN  WERKE  AG  ("BMW  AG")  (collectively

"Plaintiffs"), hereby file their Complaint for Damages and Declaratory Relief ("Complaint") against Defendants SZD, IRSAT SOZUDEMIR a/k/a TYLER SOZUDEMIR and DOES 1-10, inclusive (collectively "Defendants").

## PARTIES

1.      Plaintiff BMW NA is now, and was at the time of the filing of this Complaint and at all intervening times, a Delaware limited liability company having its principal place of business in Woodcliff Lake, New Jersey.  BMW NA's Technology Office, Western Region Office, Group Representative Office, Engineering and Emission Test Center, and Training Center are all located in California. Additionally, one of BMW NA's four Vehicle Distribution Centers and two of its six Parts Distribution Centers are located in California. BMW NA also has more than fifty (50) dealerships throughout the state of California. BMW NA is a wholly owned subsidiary of BMW (US) Holding Corporation, a Delaware corporation.  BMW (US) Holding Corporation is an indirectly wholly-owned subsidiary of BMW AG.

2.      Plaintiff BMW AG is now, and was at the time of the filing of this Complaint and at all intervening times, a German corporation organized under the laws of the Federal Republic of Germany with its principal place of business located in Munich, Germany.

3.      Plaintiffs are informed and believe that Defendant SZD is now, and was at the time of the filing of this Complaint and at all intervening times, an active California corporation with its principal place of business in Los Angeles, California. Plaintiffs are informed and believe that SZD is owned and operated by Defendant IRSAT SOZUDEMIR a/k/a TYLER SOZUDEMIR.

4.      Plaintiffs are informed and believe that, at the time of its creation, now, and at all time relevant to this Complaint, Defendant SZD did not and does not have sufficient funding to assume responsibility for its foreseeable and actual liabilities.

**COMPLAINT FOR DAMAGES**

5.      Plaintiffs are informed and believe that, at the time of its creation, now, and at all times relevant to this Complaint, Defendant SZD was undercapitalized.

6.      Plaintiffs are informed and believe that, since the time of its creation, now, and at all times relevant to this Complaint, Defendant SZD failed to observe corporate formalities required by law.

7.      Plaintiffs are informed and believe that Defendant IRSAT SOZUDEMIR, also known as TYLER SOZUDEMIR, is an Individual residing in Los Angeles, California. Plaintiffs are informed and believe that Defendant IRSAT SOZUDEMIR a/k/a TYLER SOZUDEMIR is the owner, operator and moving force of SZD.

8.      Defendants SZD and IRSAT SOZUDEMIR a/k/a TYLER SOZUDEMIR do business in the State of California through their California-based eBay accounts "szdco" and "lostyla" as well as their California-based PayPal account "szdco@aol.com."

9.      The true names and capacities, whether individual, corporate, associate or otherwise, of Defendants herein named as DOES 1-10, inclusive, are unknown to Plaintiffs.  Plaintiffs therefore sue said Defendants by such fictitious names. When the true names and capacities of said Defendants have been ascertained, Plaintiffs will amend this pleading accordingly.

10.     Plaintiffs further allege that Defendants SZD, IRSAT SOZUDEMIR a/k/a TYLER SOZUDEMIR and DOES 1-10, inclusive, sued herein by fictitious names, are jointly, severally and concurrently liable and responsible with one another upon the causes of action hereinafter set forth.

11.     Plaintiffs are informed and believe and thereon allege that at all times mentioned herein Defendants SZD, IRSAT SOZUDEMIR a/k/a TYLER SOZUDEMIR and DOES 1-10, inclusive, and each of them, were the agents, servants and employees of every other Defendant and the acts of each Defendant, as

**COMPLAINT FOR DAMAGES**

alleged herein, were performed within the course and scope of that agency, service or employment.

## JURISDICTION / VENUE

12.     This Court has jurisdiction over the subject matter jurisdiction (violation of the Lanham Act) pursuant to 15 U.S.C. §1121 and/or 28 U.S.C. §§ 1331 and/or 1338(a).

13.     This Court has personal jurisdiction over Defendants as Defendants conduct business within this jurisdiction and have committed the tortious activities of trademark infringement and unfair competition in this district.  Defendants have sufficient minimum contacts with this district such that the exercise of jurisdiction over Defendants by this Court does not offend traditional notions of fair play and substantial justice. Among other things, Defendants have advertised, offered to sell, sold, and distributed products that infringe the trademarks of Plaintiffs to consumers within this judicial district for Defendants' own commercial gain and have exploited California's extensive marketplace, wherein Plaintiffs maintain substantial business contacts and financial interests. Specifically, Defendants have offered to sell and actually sold counterfeit products through the California-based eBay, Inc., platform, using the California-based PayPal, Inc., to transact payment, while knowing or having reason to know that consumers throughout the United States, including within this judicial district, would purchase said counterfeit goods from Defendants, believing that they were authentic goods manufactured and distributed by Plaintiffs or their authorized manufacturers. Plaintiffs have felt a substantial part of the harm from Defendants' counterfeiting activities in the state of California, as a substantial portion of their offices and facilities are located in California.

14.     Additionally, supplemental jurisdiction exists over Defendants because, on information and belief, Defendants conduct business in California and in this judicial district, have purposefully directed action to California and this district, or have otherwise availed themselves of the privileges and protections of the

laws of the State of California, such that this Court's assertion of jurisdiction over Defendants does not offend traditional notions of fair play and due process.

15. Venue is proper in this district, *inter alia*, pursuant to 28 U.S.C. §1391(b) because, on information and belief, a substantial part of the events or omissions giving rise to these claims occurred in this judicial district, and has caused damage to Plaintiffs in this district. The counterfeit products featuring Plaintiffs' Trademarks were advertised on a California-based website, paid through a California-based payment processer, purchased by California consumers, and Defendants purposefully shipped the counterfeit products to California. Defendants' actions within this district directly interfere with and damage Plaintiffs' commercial business and harms Plaintiffs' goodwill within this Venue.

## GENERAL ALLEGATIONS

### Plaintiffs and their Well-Known Brands and Products

16. Plaintiffs are in the business of designing, manufacturing, and/or distributing motor vehicle parts and accessories, including, but not limited to, stickers and emblems, and a variety of other products which feature various trademarks, including but not limited to the BMW®, M®, X5®, and various design logo marks. Plaintiffs' products and marks have achieved great success since their introduction, some as early as 1955.

17. Plaintiffs' motor vehicles and related products have earned a reputation for innovation, quality and performance. Plaintiffs have spent substantial time, money and effort in developing consumer recognition and awareness of Plaintiffs' marks and products. Plaintiffs have spent an enormous amount of money on print and Internet advertising in order to inform consumers of the benefits of Plaintiffs' products and services.

18. Through the extensive use of Plaintiffs' marks, Plaintiffs have built up and developed significant goodwill in their entire product line. A wide array of

1    newspapers, magazines and television networks have included advertising of

2    Plaintiffs' products, which are immediately identified by Plaintiffs' marks.

3        19.    As a result of Plaintiffs' efforts, the quality of Plaintiffs' products, the

4    high degree of promotion and the quality and popularity of Plaintiffs' motor vehicles,

5    Plaintiffs' trademarks have been prominently placed in the minds of the public.

6    Consumers, purchasers and the members of the public have become familiar with

7    Plaintiffs' intellectual property and products, and have come to recognize Plaintiffs'

8    marks and products and associate them exclusively with Plaintiffs. Plaintiffs have

9    acquired a valuable reputation and goodwill among the public as a result of such

10    association.  Indeed, Plaintiffs' marks are famous in the United States and around

11    the world.

12                       **Plaintiffs' Trademarks**

13        20.    While Plaintiffs have gained significant common law trademark and

14    other rights in their branded products and services through their use, advertising and

15    promotion, Plaintiffs have also protected their valuable rights by filing for and

16    obtaining numerous federal trademark registrations. This includes registrations for

17    the following non-exhaustive list of Plaintiffs' registered trademarks:

18        i.      **BMW**: United States Patent and Trademark Office ("USPTO") Reg.

19    No.: 0,611,710, registered September 6, 1955;



22        ii.     USPTO Reg. No.: 0,613,465, registered October 4, 1955;



iii.     USPTO Reg. No.: 1,450,212, registered August 4, 1987;



iv.     USPTO Reg. No.: 4,293,991, registered February 26, 2013;



v.     **M3**:  USPTO Reg. No. 2,535,373, registered February 5, 2002;



vi.     **M5**:  USPTO Reg. No. 2,381,292, registered August 29, 2000;



vii.     **M**: USPTO Reg. No.: 1,438,545, registered August 5, 1987;



viii.   USPTO Reg. No. 2,683,597, registered February 12, 2002;



- 7 -
COMPLAINT FOR DAMAGES

ix.   USPTO Reg. No.: 3,526,899, registered November 4, 2008;



x.   USPTO Reg. No.: 3,767,662, registered March 30, 2010;



xi.   USPTO Reg. No.: 3,767,663, registered March 30, 2010; and



xii.   **X5**: USPTO Reg. No. 2,826,976, registered March 30, 2004 (collectively "Plaintiffs' Trademarks").

# X5

21.   Plaintiffs have never authorized or consented to Defendants' use of Plaintiffs' Trademarks, or any confusingly similar marks by Defendants. Also, Plaintiffs have never authorized Defendants to copy, manufacture, import, market, sell, or distribute any of Plaintiffs' products.

**Defendants' Wrongful and Infringing Conduct**

22.   Particularly in light of the success of Plaintiffs and Plaintiffs' products, as well as the reputation they have gained, Plaintiffs and their products have become

targets for unscrupulous individuals and entities who wish to take a "free ride" on their goodwill, reputation and fame.  Plaintiffs have spent considerable effort and resources to build up their products and marks.

23.    A large number of these individuals and entities deal in pirated and counterfeit products featuring Plaintiffs' Trademarks. Their actions vary and include manufacturing, copying, exporting, importing, advertising, promoting, offering for sale, selling, and distributing counterfeit and otherwise unauthorized products.

24.    Plaintiffs are informed and believe that Defendants have individually and collectively purchased, imported, acquired, offered for sale, sold, and/or otherwise dealt in counterfeit automobile parts and accessories that infringe upon Plaintiffs' Trademarks.

25.    Defendants use the Internet auction website located at eBay.com, owned and operated by eBay, Inc., to advertise, offer for sale, sell and distribute counterfeit products featuring Plaintiffs' Trademarks to consumers. Defendants have used a number of account IDs and aliases on eBay, including, but not limited to, "szdco" and "lostyla."

26.    Defendants' online commercial transactions are accomplished through the payment processing service located at PayPal.com, which is provided by PayPal, Inc. Using PayPal, purchasers of products can transfer funds to sellers, electronically and online, from any PayPal account to any other PayPal account. Defendants have used a number of PayPal accounts and email addresses, including, but not limited to, "szdco@aol.com."

27.    Both eBay and PayPal are headquartered in California.  In order for sellers, including Defendants, to make use of eBay and/or PayPal services, users must agree to terms and conditions set forth in eBay and PayPal's User Agreements, as well as pay various fees associated with any listing or transaction accomplished through eBay and PayPal's services.

**COMPLAINT FOR DAMAGES**

28.     On May 21, 2015, in Plaintiffs' ongoing investigation of counterfeit sales of Plaintiffs' trademarked products, from the State of California, Plaintiffs' investigator purchased the item – "NEW 82mm For BMW standard front rear badge hood trunk logo emblem 51148132375" – from eBay seller "szdco" for $8.60. This seller was identified as "irsat sozudemir" by eBay. Payment was made through PayPal to "szdco" with an email address of szdco@aol.com.

29.     On May 26, 2015, Plaintiffs' investigator received a package pursuant to the May 21, 2015, order with a return address of "SZDCO, 118 S WESTMORELAND AVE, LOS ANGELES CA 90004." The package contained 1 emblem featuring the BMW® trademark. The emblem was inspected to determine authenticity and determined to be counterfeit.

30.     On September 9, 2015, Plaintiffs sent a cease and desist letter to Defendants via certified mail but received no response. On October 5, 2015, Plaintiffs sent an email to Defendants at the email address to which payment was made, but it too received no response. On October 19, 2015, Plaintiffs then sent a third correspondence to Defendants via email.

31.     On October 20, 2015, Plaintiffs received an email from an "Irsat Demr" in response to the last cease and desist letter. The message was signed "Tyler." Plaintiffs thereafter communicated with Defendants to try to resolve this matter, but Defendants eventually became unresponsive, necessitating the filing of this lawsuit.

32.     Through such business activities, Defendants purposely derived benefit from their interstate commerce by expressly targeting foreseeable purchasers in the State of California. But for Defendants' advertising, soliciting and selling of counterfeit products featuring Plaintiffs' Trademarks, Plaintiffs would not have been able to make purchases of the subject products.

33.     By these sales, and on information and belief, Defendants violated and continue to violate Plaintiffs' exclusive rights in its trademarked automobile parts, emblems, and related goods and services, and use images and marks that are

**COMPLAINT FOR DAMAGES**

confusingly similar to, identical to, and/or constitute counterfeit reproductions of Plaintiffs' trademarks to confuse consumers and aid in the promotion and sales of its unauthorized goods. Defendants' conduct and use began long after Plaintiffs' adoption and use of Plaintiffs' Trademarks, after Plaintiffs obtained the trademark registrations alleged above, and after Plaintiffs' marks became famous. Indeed, Defendants had knowledge of Plaintiffs' ownership of the marks, and of the fame in such marks, prior to the actions alleged herein, and adopted them in bad faith and with intent to cause confusion, tarnish, counterfeit and dilute Plaintiffs' marks and products. Neither Plaintiffs nor any authorized agents have consented to Defendants' use of Plaintiffs' Trademarks in the manner complained of herein.

34. Defendants' actions were committed in bad faith and with the intent to dilute Plaintiffs' marks, and to cause confusion and mistake, and to deceive the consuming public and the public at large as to the source, sponsorship and/or affiliation of Defendants, and/or Defendants' counterfeit and unauthorized goods. By their wrongful conduct, Defendants have traded upon and diminished Plaintiffs' goodwill.

35. In committing these acts, Defendants have, among other things, willfully and in bad faith committed the following acts, all of which have and will continue to cause irreparable harm to Plaintiffs: (i) infringed, tarnished, diluted Plaintiffs' rights in Plaintiffs' Trademarks; (ii) applied counterfeit marks; (iii) misled the public into believing there is an association or connection between Defendants and Plaintiffs and/or the products advertised and sold by Defendants and Plaintiffs; (iv) used false designations of origin on or in connection with its goods and services; (v) committed unfair competition; (vi) engaged in counterfeiting; and (vii) unfairly profited from such activity. Unless enjoined, Defendants will continue to cause irreparable harm to Plaintiffs.

## FIRST CAUSE OF ACTION

**COMPLAINT FOR DAMAGES**

**(Infringement of Registered Trademarks Against Defendants SZD, IRSAT SOZUDEMIR a/k/a TYLER SOZUDEMIR and DOES 1-10, Inclusive)**

**[15 U.S.C. §1114/Lanham Act §32(a)]**

36.     Plaintiffs hereby incorporate by reference each of the other allegations set forth elsewhere in this Complaint as though fully set forth in this cause of action.

37.     Plaintiffs have continuously used Plaintiffs' Trademarks in interstate commerce.

38.     Plaintiffs, as the owners of all right, title and interest in and to the Plaintiffs' Trademarks, have standing to maintain an action for trademark infringement under the U.S. Trademark Statute 15 U.S.C. §1114.

39.     Defendants are and at the time of their actions complained of herein were actually aware that Plaintiffs are the registered trademark holders of Plaintiffs' Trademarks.

40.     Defendants did not and failed to obtain the consent or authorization of Plaintiffs as the registered owners of Plaintiffs' Trademarks to deal in and commercially distribute, market and sell products bearing Plaintiffs' asserted marks into the stream of commerce.

41.     Defendants intentionally and knowingly used in commerce the reproductions, counterfeits, copies, and/or colorable imitations of Plaintiffs' asserted marks in connection with the sale, offering for sale, distribution, or advertising of Defendants' goods by offering, advertising, promoting, retailing, selling, and distributing counterfeit products bearing Plaintiffs' Trademarks.

42.     Defendants reproduced, counterfeited, copied, and colorably imitated Plaintiffs' registered Trademarks and applied such reproductions, counterfeits, copies, or colorable imitations to emblems, labels, signs, prints, packages, wrappers, receptacles, websites and/or advertisements intended to be used in commerce upon or in connection with the sale, offering for sale, distribution, and/or advertising of

goods.   Defendants thereupon offered, advertised, promoted, retailed, sold, and distributed counterfeit products bearing Plaintiffs' Trademarks.

43.   Defendants' egregious and intentional use and sale of counterfeit items bearing Plaintiffs' Trademarks is likely to cause confusion, or to cause mistake, or to deceive, mislead, betray, and defraud consumers who believe that Defendants' items are authentic products manufactured by Plaintiffs.

44.   Defendants' acts have been committed with knowledge of Plaintiffs' exclusive rights and goodwill in the marks, as well as with bad faith and the intent to cause confusion or to cause mistake and to deceive.

45.   Plaintiffs have suffered and will continue to suffer substantial and irreparable injury, loss and damage to its rights in and to Plaintiffs' Trademarks and the goodwill associated therewith, for which it has no adequate remedy at law; thus Plaintiffs request injunctive relief.

46.   Defendants' continued and knowing use of Plaintiffs' asserted marks without Plaintiffs' consent or authorization constitutes intentional infringement of Plaintiffs' federally registered trademarks in violation of Section 32 of the Lanham Act, 15 U.S.C. §1114.  Based on such conduct, Plaintiffs are entitled to injunctive relief as well as monetary damages, and other remedies provided by section 1116, 1117, and 1118, including Defendants' profits, treble damages, reasonable attorneys' fees, costs, statutory damages and/or prejudgment interest.

## SECOND CAUSE OF ACTION

**(False Designation of Origin & Unfair Competition Against SZD, IRSAT SOZUDEMIR a/k/a TYLER SOZUDEMIR and DOES 1-10, Inclusive)**

**[15 U.S.C. §1125(a)/Lanham Act §43(a)]**

47.   Plaintiffs hereby incorporate by reference each of the other allegations set forth elsewhere in this Complaint as though fully set forth in this cause of action.

48.   Plaintiffs, as the owners of all common law right, title, and interest in and to Plaintiffs' Trademarks, have standing to maintain an action for false

designation of origin and unfair competition under the Federal Trademark Statute, Lanham Act section 43(a) (15 U.S.C. §1125). Plaintiffs' asserted marks are fanciful, inherently distinctive, and/or have otherwise acquired distinctiveness.

49. Defendants have without authorization, on or in connection with its goods and services, used in commerce marks that are confusingly similar to the asserted marks, and/or has made false designations of origin which are likely to cause confusion or cause mistake or to deceive as to the affiliation, connection or association of Defendants with Plaintiffs, and/or as to the origin, sponsorship or approval of Defendants' goods or services or commercial activities.

50. Defendants' conduct described above violates the Lanham Act, and Defendants have unfairly competed with and injured and, unless immediately restrained, will continue to injure Plaintiff, causing damage to Plaintiffs in an amount to be determined at trial, and will cause irreparable injury to Plaintiffs' goodwill and reputation associated with the value of Plaintiffs' marks.

51. On information and belief, the conduct of Defendants has been knowing, deliberate, willful, intended to cause confusion, or to cause mistake or to deceive and in blatant disregard of Plaintiffs' rights.

52. Defendants knew, or by the exercise of reasonable care should have known, that their adoption and commencement of use in commerce and continuing use of marks that are confusingly similar to and constitute a counterfeit reproduction of Plaintiffs' asserted marks would cause confusion, mistake, or deception among purchasers, users and the public.

53. Defendants' egregious and intentional use and sale of fake, pirated and counterfeit items bearing Plaintiffs' asserted marks unfairly competes with Plaintiffs and is likely to cause confusion, mistake, or to deceive, mislead, betray, and defraud consumers to believe that the substandard imitations are genuine BMW® products.

54. Defendants' continuing and knowing use of Plaintiffs' asserted marks constitutes false designation of origin and unfair competition in violation of Section

**COMPLAINT FOR DAMAGES**

43(a) of the Lanham Act, 15 U.S.C. §1125(a), causing Plaintiffs to suffer substantial and irreparable injury for which it has no adequate remedy at law.

55.     Defendants' wrongful conduct has permitted or will permit it to make substantial sales and profits on the strength of Plaintiffs' marketing, advertising, sales and consumer recognition.  As a direct and proximate result of Defendants' wrongful conduct, as alleged herein, Plaintiffs have been and will be deprived of sales of its trademarked products in an amount as yet unknown but to be determined at trial, and have been deprived and will be deprived of the value of their marks as commercial assets in an amount as yet unknown but to be determined at trial. Plaintiffs seek damages and an accounting of Defendants' profits, and requests that the Court grant Plaintiffs three times that amount in the Court's discretion.

56.     Based on Defendants' wrongful conduct, Plaintiffs are entitled to injunctive relief as well as monetary damages, and other remedies as provided by the Lanham Act, including Defendants' profits, treble damages, reasonable attorneys' fees, costs and prejudgment interest.

### THIRD CAUSE OF ACTION

**(Trademark Dilution Against Defendants SZD, IRSAT SOZUDEMIR a/k/a TYLER SOZUDEMIR and DOES 1-10, Inclusive)**

**[15 U.S.C. §1125(c)]**

57.     Plaintiffs hereby incorporate by reference each of the other allegations set forth elsewhere in this Complaint as though fully set forth in this cause of action.

58.     Plaintiffs' asserted marks are distinctive and famous within the meaning of the Lanham Act.

59.     Upon information and belief, Defendants' unlawful actions began long after Plaintiffs' asserted marks became famous, and Defendants acted knowingly, deliberately and willfully with the intent to trade on Plaintiffs' reputation and to dilute Plaintiffs' asserted marks.  Defendants' conduct is willful, wanton and egregious.

**COMPLAINT FOR DAMAGES**

60.     Defendants' intentional sale of fake, pirated and counterfeit items bearing Plaintiffs' asserted marks is likely to cause confusion, mistake, or to deceive, mislead, betray, and defraud consumers to believe that the substandard imitations are genuine products manufactured, distributed and sponsored by Plaintiffs. The actions of Defendants complained of herein have diluted and will continue to dilute Plaintiffs' asserted and other marks and are likely to impair the distinctiveness, strength and value of Plaintiffs' marks, and injure the business reputation of Plaintiffs and their marks.

61.     Defendants' acts have caused and will continue to cause Plaintiffs irreparable harm.  Plaintiffs have no adequate remedy at law to compensate it fully for the damages that have been caused and which will continue to be caused by Defendants' unlawful acts, unless they are enjoined by this Court.

62.     As the acts alleged herein constitute a willful violation of section 43(c) of the Lanham Act, 15 U.S.C. section 1125(c), Plaintiffs are entitled to injunctive relief as well as monetary damages and other remedies provided by 15 U.S.C. §§1116, 1117, 1118, and 1125(c), including Defendants' profits, actual and statutory damages, treble damages, reasonable attorney's fees, costs and prejudgment interest.

/ / /

**FOURTH CAUSE OF ACTION**

**(Unlawful, Unfair, Fraudulent Business Practices Against Defendants SZD, IRSAT SOZUDEMIR a/k/a TYLER SOZUDEMIR and DOES 1-10, Inclusive)**

**[California Business & Professions Code §17200 *et seq*.]**

63.     Plaintiffs hereby incorporate by reference each of the other allegations set forth elsewhere in this Complaint as though fully set forth in this cause of action.

64.     By marketing, advertising, promoting, selling and/or otherwise dealing in counterfeit products featuring Plaintiffs' Trademarks, Defendants have engaged in unfair competition including unlawful, unfair and fraudulent business practices in violation of the California Business and Professions Code §17200 et seq.

65.     Defendants' marketing, advertising, promoting, selling and/or otherwise dealing in the counterfeit products featuring Plaintiffs' Trademarks is in violation and derogation of Plaintiffs' rights and is likely to cause confusion, mistake and deception among consumers and the public as to the source, origin, sponsorship, or quality of the goods of Defendant, thereby causing loss, damage and injury to Plaintiff and to the purchasing public.  Defendants' conduct was intended to cause such loss, damage and injury.

66.     Defendants knew or by the exercise of reasonable care should have known that their marketing, advertising, promoting, selling and/or otherwise dealing in and their continuing marketing, advertising, promoting, selling and/or otherwise dealing in the counterfeit product would cause confusion mistake or deception among purchasers, users and the public.

67.     By marketing, advertising, promoting, selling and/or otherwise dealing in and their continuing marketing, advertising, promoting, selling and/or otherwise dealing in counterfeit versions of Plaintiffs marks and products, Defendants intended to, did and will continue to induce customers to purchase its false and counterfeit products by trading off the extensive goodwill built up by Plaintiffs' in their marks.

68.     Upon information and belief, the conduct of Defendants has been knowing, deliberate, willful, intended to cause confusion, or to cause mistake or to deceive, and in disregard of Plaintiffs' rights.

69.     Defendants' wrongful conduct, as alleged above, has permitted and will permit them to make substantial sales and profits on the strength of Plaintiffs' nationwide marketing, advertising, sales and consumer recognition.  As a direct and proximate result of Defendants' wrongful conduct, as alleged herein, Plaintiffs have

been and will be deprived of substantial sales of their products in an amount as yet unknown but to be determined at trial, and have been and will be deprived of the value of their trademarks as commercial assets, in an amount as yet unknown but to be determined at trial.  Plaintiffs seek restitution in this matter, including an order granting Defendants' profits stemming from its infringing activity, and their actual and/or compensatory damages.

70.	Plaintiffs have no adequate remedy at law for Defendants' continuing violation of its rights set forth above.  Plaintiffs seek injunctive relief.

71.	Plaintiffs further request a court issue an order to "freeze" any assets or impose a constructive trust over all monies and assets in Defendants' possession which rightfully belong to Plaintiffs.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs BMW OF NORTH AMERICA, LLC, and BAYERISCHE MOTOREN WERKE AG pray for judgment against Defendants SZD, IRSAT SOZUDEMIR a/k/a TYLER SOZUDEMIR and DOES 1-10, inclusive, and each of them, as follows:

1.	For an award of Defendants' profits and Plaintiffs' damages in an amount to be proven at trial for trademark infringement under 15 U.S.C. §1114(a);

2.	For an award of Defendants' profits and Plaintiffs' damages in an amount to be proven at trial for false designation of origin and unfair competition under 15 U.S.C. §1125(a);

3.	For an award of Defendants' profits and Plaintiffs' damages in an amount to be proven at trial for trademark dilution under 15 U.S.C. §1125(c);

4.	In the alternative to actual damages and Defendants' profits for the infringement and counterfeiting of Plaintiffs' trademarks pursuant to the Lanham Act, for statutory damages pursuant to 15 U.S.C. §1117(c), which election Plaintiffs will make prior to the rendering of final judgment;

5.	For restitution in an amount to be proven at trial for unfair, fraudulent and

illegal business practices under *Business and Professions Code* §17200;

6. For temporary, preliminary and permanent injunctive relief from this Court prohibiting Defendants from engaging or continuing to engage in the unlawful, unfair, or fraudulent business acts or practices described herein, including the advertising and/or dealing in any counterfeit product; the unauthorized use of any mark, copyright or other intellectual property right of Plaintiffs; acts of trademark infringement or dilution; false designation of origin; unfair competition; and any other act in derogation of Plaintiffs' rights;

7. For an order from the Court requiring that Defendants provide complete accountings and for equitable relief, including that Defendants disgorge and return or pay their ill-gotten gains obtained from the illegal transactions entered into and or pay restitution, including the amount of monies that should have been paid if Defendants' complied with their legal obligations, or as equity requires;

8. For an order from the Court that an asset freeze or constructive trust be imposed over all monies and profits in Defendants' possession which rightfully belong to Plaintiffs;

9. For destruction of the infringing articles in Defendants' possession under 15 U.S.C. §1118;

10. For treble damages suffered by Plaintiffs as a result of the willful and intentional infringements and acts of counterfeiting engaged in by Defendants, under 15 U.S.C. §1117(b);

11. For damages in an amount to be proven at trial for unjust enrichment;

12. For an award of exemplary or punitive damages in an amount to be determined by the Court;

13. For Plaintiff's reasonable attorney's fees;

14. For all costs of suit; and

- 19 -
**COMPLAINT FOR DAMAGES**

15. For such other and further relief as the Court may deem just and equitable.

## **DEMAND FOR JURY TRIAL**

Plaintiffs BMW OF NORTH AMERICA, LLC, and BAYERISCHE MOTOREN WERKE AG respectfully demand a trial by jury in this action pursuant to Local Rule 38-1.

DATED:  April 5, 2016          JOHNSON & PHAM, LLP

By: /s/ Christopher Q. Pham
Christopher D. Johnson, Esq.
Christopher Q. Pham, Esq.
Nicole L. Drey, Esq.
Hung Q. Pham, Esq.
Attorneys for Plaintiffs
BMW OF NORTH AMERICA, LLC, and
BAYERISCHE MOTOREN WERKE AG

COMPLAINT FOR DAMAGES