JOHNSON & PHAM, LLP
Christopher D. Johnson, SBN: 222698
    E-mail: cjohnson@johnsonpham.com
Christopher Q. Pham, SBN: 206697
    E-mail: cpham@johnsonpham.com
Nicole L. Drey, SBN: 250235
    E-mail: ndrey@johnsonpham.com
Hung Q. Pham, SBN: 276613
    E-mail: ppham@johnsonpham.com
6355 Topanga Canyon Boulevard, Suite 326
Woodland Hills, California 91367
Telephone:  (818) 888-7540
Facsimile:   (818) 888-7544

Attorneys for Plaintiffs
BMW OF NORTH AMERICA, LLC, and
BAYERISCHE MOTOREN WERKE AG

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| BMW OF NORTH AMERICA, LLC, a Delaware Limited Liability Company, and BAYERISCHE MOTOREN WERKE AG, a German Corporation,<br><br>              Plaintiffs,<br><br>              v.<br><br>SZD, a California Corporation; IRSAT SOZUDEMIR a/k/a TYLER SOZUDEMIR, an Individual; and DOES 1-10, inclusive,<br><br>              Defendants. | Case No.: 2:16-cv-02334 AB (ASx)<br><br>**[DISCOVERY MATTER]**<br><br>**PLAINTIFF BMW OF NORTH AMERICA, ET AL.'S *EX PARTE* APPLICATION FOR LEAVE TO TAKE IMMEDIATE DISCOVERY PRIOR TO RULE 26(f) CONFERENCE** |

TO THE HONORABLE COURT:

    Plaintiffs BMW OF NORTH AMERICA, LLC, and BAYERISCHE MOTOREN WERKE AG (collectively "Plaintiffs") hereby apply *ex parte* for issuance of an order pursuant to Rule 26(d) of the *Federal Rules of Civil Procedure* ("*Fed.R.Civ.Pro.*") authorizing Plaintiffs to take limited, expedited discovery for the sole purpose of confirming the true identity and whereabouts of

Defendants SZD and IRSAT SOZUDEMIR a/k/a TYLER SOZUDEMIR (collectively "Defendants") in order to properly serve Defendants with process and/or to amend the Complaint accordingly. As alleged in the Complaint, Defendants' illegal activities have caused, and continue to cause, significant and irreparable harm to Plaintiffs by subject Defendants to the jurisdiction of this Court. Without the requested relief contained in this *ex parte* application, Plaintiffs will be unable to vindicate their rights. Plaintiffs are informed and believe that Defendants are possibly utilizing a fictitious name and/or alias of the actual individual or entity that is infringing Plaintiffs' intellectual property rights and has thereby escaped liability. Accordingly, in order to learn the true whereabouts, contact information, and identity of Defendants, Plaintiffs seek to serve *Federal Rules of Civil Procedure* Rule 45 subpoenas for the production of documents on the following entities:

1) eBay, Inc. 2065 Hamilton Ave., San Jose, California 95125 c/o C T Corporation System, 818 West Seventh St., Suite 930, Los Angeles, California 90017;

2) PayPal, Inc., 2211 North First St., San Jose, California 95131 c/o C T Corporation System, 818 West Seventh St., Suite 930, Los Angeles, California 90017; and

3) Should these efforts fail, any other company(ies) that are aware of the whereabouts and/or identity(ies) of Defendants that may be determined by Plaintiffs' limited discovery described above.

This application is made in the interests of justice and pursuant to the Court's inherent equitable power to authorize discovery before the parties have met and conferred as provided by Rule 26(d) of the *Federal Rules of Civil Procedure.* This application is also made *ex parte* without notice because Defendants have no known valid address, may be utilizing a fictitious name or alias of the actual individual or entity that is infringing Plaintiffs' intellectual

property rights, and have thereby escaped liability, such relief is necessary in revealing the current whereabouts and true identity of Defendants, and because this litigation cannot proceed without discovery of Defendants' whereabouts and true identity.

DATED: July 22, 2016                    JOHNSON & PHAM, LLP


                                        By:  /s/ Hung Q. Pham
                                        Hung Q. Pham, Esq.
                                        Attorneys for Plaintiffs
                                        BMW OF NORTH AMERICA, LLC, and
                                        BAYERISCHE MOTOREN WERKE AG;

*EX PARTE* APPLICATION

# **TABLE OF CONTENTS**

MEMORANDUM OF POINTS AND AUTHORITIES ........................................ 4

I.      INTRODUCTION ........................................................................................ 4

II.     STATEMENT OF PERTINENT FACTS ..................................................... 4

III.    ARGUMENT ...............................................................................................8

     A.   This Court Has Discretion To Grant Plaintiffs' Leave To Take
         Immediate Limited Discovery Prior To A Rule 26(f) Conference.......8

     B.   Plaintiffs Meet The Requirements Of The "Good Cause" Standard
         Because The Expedited Discovery Will Not Prejudice Defendants Or
         The Third Parties And Will Substantially Contribute To Moving The
         Case Forward ...............................................................................10

     C.   Plaintiffs' Petition Also Meets the *Seescandy.com* Standard ............12

         1)   Plaintiffs Have Set Forth Facts Identifying Defendants With
             Sufficient Specificity Supporting The Court's Jurisdiction Over
             Defendants ..................................................................... 13

         2)   Plaintiffs Have Exhausted Their Efforts To Fully Identify And
             Serve Defendants ...............................................................14

         3)   Plaintiffs' Action For Trademark Infringement Would
             Withstand a Motion to Dismiss ...............................................15

         4)   Plaintiffs Have Justified the Requested Discovery .................15

         5)   This Court's Order Will Permit Limited Discovery of Records
             Subject to the *Privacy Act* .......................................................16

IV.     CONCLUSION ..........................................................................................16

## <u>TABLE OF AUTHORITIES</u>

<u>**CASES:**</u>

*Benham Jewelry Corp.  v.  Aron Basha Corp.,*

1997 WL 639037 (S.D.N.U. 1997) ........................................................................ 10

*Blackburn v. U.S.,*

100 F.3d 1436 (9th Cir. 1996) ............................................................................... 8

*Burnham v. Superior Court,*

495 U.S. 610 (1990) ............................................................................................ 13

*Columbia Ins. Co. v. Seescandy.com,*

185 F.R.D. 578 (N.D. Cal. 1999) ..................................................................... 9, 12

*Crawford-El v. Britton,*

523 U.S. 598 (1998) ............................................................................................. 8

*Harris Rutsky & Co. Ins. Services, Inc. v. Bell & Clements Ltd.,*

328 F.3d 1129 (9th Cir. 2003) ............................................................................. 13

*Helicopteros Nacionales de Colombia, S.A. v. Hall,*

466 U.S. 408 (1984) ........................................................................................... 13

*In re Anonymous Online Speakers,*

2011 WL 61635 6 (9th Cir. 2011) ......................................................................... 8

*In re Countrywide Fin. Corp. Derivative Litig.,*

542 F. Supp. 2d 1179 (C.D. Cal. 2008) ................................................................. 9

*Laub v. U.S. Dep't. of Interior,*

342 F.3d 1093 (9th Cir. 2003)…………….....................…………………......8

*Levi Strauss & Company v. Shilon,*

121 F.3d 1312 (1997) .......................................................................................... 8

*Liberty Media Holdings v. Pornilove.net,*

2011 WL 455905 (S.D. Cal. 2011) ....................................................................... 9

*Nordyke v. Santa Clara County,*

110 F.3d 710 (9th Cir. 1997)............................................................................... 8

*Panavision Intern, LP v. Toeppen,*

141 F.3d 1316 (9th Cir. 1998) .................................................................13

*Rocker Mgt. LLC v. John Does,*

2003 WL 22149380, *1-2, No. 03-MC-33 (N.D. Cal. 2003) ...................9

*Qwest Comm. Int'l, Inc. v. WorldQuest Networks, Inc.,*

213 F.R.D. 419 (D. Colo. 2003).................................................................9

*Semitool, Inc. v. Tokyo Electron Am., Inc.,*

208 F.R.D. 276 (N.D. Cal. 2002) ......................................................... 9, 10

*Yokohama Tire Corp. v. Dealers Tire Supply, Inc.*

202 F.R.D. 614 (D. Ariz. 2001) ................................................................9

**STATUTES:**

Fed.  R. Civ. P. 26(d) ...............................................................................7

15 U.S.C. § 1114(1) ..........................................................................15-16

*Lanham Act* § 32(1)...............................................................................15

***EX PARTE* APPLICATION FOR LEAVE TO TAKE IMMEDIATE DISCOVERY**

**MEMORANDUM OF POINTS AND AUTHORITIES**

## I.     INTRODUCTION

Plaintiffs BMW OF NORTH AMERICA, LLC, and BAYERISCHE MOTOREN WERKE AG were informed and believe, at the time of filing of the Complaint, that Defendants engaged in the sale and distribution of counterfeit products bearing Plaintiffs' BMW®-related trademarks through their operations on eBay, Inc.'s internet ecommerce website known as www.ebay.com ("eBay") and utilizing PayPal, Inc.'s ("PayPal") electronic payment processing service. Plaintiffs are informed and believes that Defendants have utilized eBay IDs "s.iszd.dxdvmxb3," "szdxxx," "szdco," "szdcoo," "lostyla," and "calastar10," as well as PayPal ID/email "szdco@aol.com" to effectuate such illegal activities. Using these third-party services, Defendants have regularly and systematically advertised, marketed, distributed and sold counterfeit goods bearing Plaintiffs' registered trademarks throughout the United States and within Los Angeles, California.

Denial of this requested application will leave Plaintiffs without recourse against Defendants.  Defendants have thus far concealed his/her/its true identities and whereabouts in order to avoid responsibility for the illegal enterprise and for violating Plaintiffs' intellectual property rights and will continue to do so without reprimand or consequence unless this application is granted.  Therefore, the expedited discovery sought in this application should be granted as it is reasonable, justified, and based upon good cause.

## II.     STATEMENT OF PERTINENT FACTS

Plaintiffs are the registered owners of numerous federal trademark registrations, including but not limited to the registered trademarks ("Plaintiffs' Trademarks"): 0,611,710; 0,613,465; 1,450,212; 4,293,991; 2,535,373; 2,381,392; 1,438,545;  2,683,597;  3,526,899;  3,767,662;  3,767,663;  and  2,826,976.  *See* Complaint ("Compl."), ¶22.  As this Court is undoubtedly aware, the Internet is a

highly effective medium that enables tortfeasors "to commit certain tortuous acts, such as defamation, copyright infringement, and trademark infringement" virtually "pseudonymously or anonymously" due to the provision of "fictitious or incomplete identifying information" in on-line transactions. *Columbia Ins. Co. v. Seescandy.com*, 185 F.R.D. 573, 578 (N.D. Cal. 1999). In such situations, courts permit *ex parte* discovery to accurately identify and locate defendants in order to permit compliance with service requirements. *Id.*

Plaintiffs are informed and believe that Defendant SZD is an active California corporation with its principal place of business in Los Angeles, California, and is owned and operated by Defendant IRSAT SOZUDEMIR a/k/a TYLER SOZUDEMIR. Declaration of Hung Q. Pham, ("Pham Decl."), ¶2; *see also* Complaint ("Compl."), ¶3. Defendants SZD and IRSAT SOZUDEMIR a/k/a TYLER SOZUDEMIR conduct business in the State of California through their California-based www.ebay.com ("eBay") accounts under the account IDs and aliases "szdco" and "lostyla" as well as their California-based www.paypal.com ("PayPal") account ID/email "szdco@aol.com." Defendants operate on eBay under the aliases or seller IDs of "s.iszd.dxdvmxb3," "szdxxx," "szdco," "szdcoo," "lostyla," and "calastar10." Pham Decl., ¶¶3, 8, Exhibit ("Exh") C, thereto; Compl., ¶¶25-26. Defendants utilize PayPal's electronic payment processing service under the ID/email "szdco@aol.com" in connection with Defendants' eBay business operation. Pham Decl., ¶¶3-4, 8, Exhs. A, C, thereto.

On May 21, 2015, pursuant to Plaintiffs' ongoing investigation of counterfeit sales of Plaintiffs' trademarked products, from the State of California, Plaintiffs' investigator purchased the item – "NEW 82mm For BMW standard front rear badge hood trunk logo emblem 51148132375" – from eBay seller "szdco" for $8.60. Payment was made through PayPal to "szdco" with an email address of "szdco@aol.com." Pham Decl., 4, Exh. A, thereto; Compl., ¶28. On May 26, 2015, Plaintiffs' investigator received a package pursuant to the May 21,

2015, order with a shipping label identifying the sender and return address as "SZDCO, 118 S WESTMORELAND AVE, LOS ANGELES CA 90004." The package contained one emblem featuring a BMW® trademark. The emblem was inspected to determine authenticity and was determined to be counterfeit. Pham Decl., ¶5, Exh. B, thereto; Compl., ¶29.

On September 9, 2015, Plaintiffs' counsel sent a cease and desist letter to Defendants via certified mail to the purchase package return address, and on October 5, 2015, Plaintiffs' counsel also sent an email to Defendants at the email address to which payment was made. Neither correspondences received a response. On October 19, 2015, Plaintiffs' counsel then sent a third correspondence to Defendants via email. Pham Decl., ¶6; Compl., ¶30. On October 20, 2015, Plaintiffs' counsel received an email from a "Irsat Demr" in response to the last cease and desist letter. The message was signed "Tyler." Plaintiffs thereafter communicated with Defendants to try to resolve this matter, but Defendants eventually became unresponsive. Pham Decl., ¶7; Compl., ¶31.

Plaintiffs' counsel's investigation into Defendants' eBay ID history shows Defendants have changed their seller IDs numerous times and have used the IDs "s.iszd.dxdvmxb3," "szdxxx," "szdco," "szdcoo," "lostyla," and "calastar10." Pham Decl., ¶8, Exh. C, thereto.

Furthermore and in cooperation with intellectual property rights owners, eBay works to develop and enforce policies and procedures for protecting intellectual property through its Verified Rights Owners ("VeRO") Program. Following the VeRO procedures, Plaintiffs contacted eBay to inform it of Defendants' sale of a confirmed counterfeit BMW®-branded products and requested Defendants' contact information. In response, eBay provided Plaintiffs with the contact information for Defendants' eBay seller ID "lostyla" as: Irsat Sozudemir, 118 S. Westmorland Avenue, Los Angeles, CA 90004, phone no. 323-899-2298, and email address szd_@hotmail.com. Pham Decl., ¶9.

1    Plaintiffs' counsel's investigation also revealed that Defendant SZD is a
2    registered California corporation, and its registered agent for service of process is
3    Irsat Sozudemir, at the address 118 S. Westmoreland Avenue, Los Angeles, CA
4    90004. Pham Decl., ¶10, Exh. D, thereto.

5    Plaintiffs filed their Complaint against Defendants on April 5, 2016, and a
6    Summons and Complaint were sent out for service upon Defendants at the address
7    of 118 S. Westmoreland Avenue, Los Angeles, CA 90004.  Plaintiffs' process
8    server was unsuccessful in serving Defendants at this address and was advised by
9    a neighbor that Defendants "moved out six months ago." Pham Decl., ¶11, Exh. E,
10   thereto.

11   On June 27, 2016, my office engaged with Defendant IRSAT
12   SOZUDEMIR's counsel for a unrelated recent personal injury matter requesting
13   confirmation whether counsel will be representing Defendants in this litigation
14   and whether he would accept service on behalf of Defendants.  Counsel confirmed
15   he will not be representing Defendants in this matter.  My office then requested
16   counsel to inform Defendants to reengage with Plaintiffs to discuss resolving this
17   litigation.  There has been no further engagement with counsel or Defendants.
18   Pham Decl., ¶12.

19   To date, Plaintiffs have been unable to successfully serve Defendants or
20   locate a valid service address for Defendants despite diligent efforts to locate a
21   viable service address. Pham Decl., ¶13.  At this juncture, the only known third-
22   party business entities likely to have specific information that will readily assist
23   Plaintiffs' efforts to confirm identification and provide a valid service address for
24   Defendants is eBay, Inc., the ecommerce platform company Defendants utilized to
25   market and conduct the sale of counterfeit BMW®-branded products, and  PayPal,
26   Inc., the electronic payment service company Defendants utilized to finalize sale
27   transactions of the counterfeit items. Pham Decl., ¶14.

28   / / /

## III.     ARGUMENT

### A.     This Court Has Discretion To Grant Plaintiffs' Leave To Take Immediate Limited Discovery Prior To A Rule 26(f) Conference

This Court has the authority to grant Plaintiffs' *ex parte* application for leave to take immediate discovery, and given the circumstances described herein, may properly do so.

Rule 26(d) of the *Federal Rules of Civil Procedure* states "A party may not seek discovery from any source before the parties have conferred as required by Rule 26(f), except in a proceeding exempted from initial disclosure under 26 (a)(1)(B), or when authorized by these rules, by stipulation, or by court order." Admittedly, here, no Rule 26 (a)(1)(B) exception or rule applies, nor can Plaintiffs obtain a stipulation from a Defendant who may be evading service of process. Thus, Plaintiffs are seeking expedited discovery by order of the Court.  In fashioning discovery orders under Rule 26(d), courts wield broad discretion, as they do when managing any aspect of discovery. *Crawford-El v. Britton*, 523 U.S. 574, 598 (1998); *Laub v. U.S. Dep't. of Interior*, 342 F. 3d 1080, 1093 (9th Cir. 2003); *Blackburn v. U.S.*, 100 F. 3d 1426, 1436 (9th Cir. 1996).

While the Ninth Circuit Court of Appeals has at times discussed various tests for determining whether it is appropriate for a court to exercise this discretion to grant a party leave to take immediate discovery prior to the Rule 26(f) conference, neither the Supreme Court, nor the Ninth Circuit have endorsed any specific test. *In re Anonymous Online Speakers*, 2011 WL 61635, at **3-6 (9th Cir. 2011) (discussing the various standards for allowing discovery prior to a Rule 26(f) conference to determine an individual's identity).

Generally speaking, courts have applied more exacting tests where issues of anonymous free speech are at issue to prevent any chilling effect. *Id.*  However, in the instant matter, no anonymous free speech issues are present as the Defendants are neither anonymous, nor is the sale and offer for sale of counterfeit products

protected by the First Amendment. *Levi Strauss & Company v. Shilon*, 121 F.3d 1309, 1312 (9th Cir. 1997) (holding that because the transaction underlying Defendant's "offer, i.e. selling counterfeit goods, is unlawful, the offer itself [was] not afforded First Amendment protection."); *see also Nordyke v. Santa Clara County,* 110 F.3d, 707, 710 (9th Cir. 1997) ("For commercial speech to come within the protection of the First Amendment, it must concern lawful activity."). Thus, less exacting tests apply hereto. *In Re Anonymous Online Speakers*, 2011 WL 61635, at **3-6.

In the absence of any free speech issues, District Courts within the Ninth Circuit have used the "good cause" standard to determine whether discovery should be allowed to proceed prior to a Rule 26(f) conference. *In re Countrywide Fin. Corp. Derivative Litig.*, 542 F. Supp. 2d 1160, 1179 (C.D. Cal. 2008); *Semitool, Inc. v. Tokyo Electron Am., Inc.*, 208 F.R.D. 273 276 (N.D. Cal. 2002); *Yokohama Tire Corp. v. Dealers Tire Supply, Inc.,* 202 F.R.D. 612, 613-14 (D. Ariz. 2001) (application of good cause standard); *Qwest Comm. Int'l, Inc. v. WorldQuest Networks, Inc.,* 213 F.R.D. 418, 419 (D. Colo. 2003) (applying *Semitool*, the good cause standard is satisfied where the moving party had asserted claims of infringement and unfair competition).

On the other hand, Federal District Courts within the state of California have also applied the four-pronged *Seescandy.com* analysis to determine if a grant of leave to take immediate pre-Rule 26(f) discovery is proper. *Columbia Ins. Co. v. Seescandy.com,* 185 F.R.D. at 578; *see also Liberty Media Holdings v. Pornilove.net*, 2011 WL 455905, at **1-2 (S.D. Cal. 2011) (applying the *Seescandy.com* standard to allow plaintiff to serve subpoenas on third-party internet service providers in order to determine the identities of individuals behind four IP addresses in a copyright infringement case); *Rocker Mgt. LLC v. John Does*, 2003 WL 22149380, at **1-2, No. 03-MC-33 (N.D. Cal. 2003) (applying the *Seescandy.com* standard to identify persons who posted libelous statements on

1   Yahoo! message board; denying request for expedited discovery where the
2   postings in question were not libelous).

3          Under an application of either the "good cause" or the *Seescandy.com*
4   analysis, this Court should respectfully grant Plaintiffs' petition for leave to take
5   immediate discovery prior to the Rule 26(f) conference because expedited
6   discovery will substantially move this case forward without prejudicing any party,
7   and because Plaintiffs have established facts showing that expedited discovery is
8   necessary.

9          **B.    Plaintiffs Meet The Requirements Of The "Good Cause"**
10              **Standard Because The Expedited Discovery Will Not Prejudice**
11              **Defendants Or The Third Parties And Will Substantially**
12              **Contribute To Moving The Case Forward**

13         "Good cause" exists for granting Plaintiffs' leave to take immediate
14   discovery prior to the Rule 26(f) conference in order to confirm Defendants'
15   identity and determine the actual whereabouts of Defendants because neither
16   Defendants nor the third-parties to be subpoenaed will be prejudiced and because
17   expedited discovery will move this litigation forward.  "Good cause may be found
18   where the need for expedited discovery, in consideration of the administration of
19   justice, outweighs the prejudice to the responding party." *Semitool, Inc.*, 208
20   F.R.D. at 276.  "It should be noted that courts have recognized that good cause is
21   frequently found in cases involving claims of infringement and unfair
22   competition." *Id.* (citing *Benham Jewelry Corp. v. Aron Basha Corp.*, 1997 WL
23   639037, at *20 (S.D.N.Y. 1997).  Additionally, courts regularly permit early
24   discovery where such discovery will "substantially contribute to moving th[e] case
25   forward." *Semitool,* 208 F.R.D. at 277.

26         In *Semitool*, the plaintiff brought a cause of action against defendants based
27   upon patent infringement. *Id.* at 274.   Therein, plaintiff sought to obtain the
28   defendants records to determine, prior to the Rule 26(f) conference, whether

1  defendants had infringed the patents alleged in plaintiff's complaint and whether

2  defendants had infringed any other patents held by plaintiff. *Id.*  The *Semitool*

3  court granted plaintiff's petition because the requested and limited pre-Rule 26(f)

4  discovery sought would substantially move the case forward while outweighing

5  any prejudice to the defendants. *Id.* at 276-278.  Specifically, the *Semitool* court

6  determined that the limited discovery sought would allow plaintiff to amend its

7  complaint as early as possible, rather than doing so only after discover was

8  properly underway; facilitate a more complete and informed Case Management

9  Conference; and prevent the need for further disclosure under Northern District of

10 California Patent Local Rule 3. *Id.* at 276.  The court also determined that granting

11 the petition was proper because the plaintiff would be entitled to the information

12 sought, based upon the allegations set forth in the Complaint, after the Rule 26(f)

13 conference anyway. *Id.* at 277.

14        Here, Plaintiffs have taken steps to meet the "good cause" standard as set

15 forth in *Semitool*.  First and similar to the facts of *Semitool*, Plaintiffs here makes

16 a claim of trademark infringement and unfair competition against Defendants, and

17 "good cause is frequently found in cases involving claims of infringement and

18 unfair competition." *Id.* at 276; s*ee* Plaintiffs' Complaint, *generally*.  Secondly

19 and similar to the request in *Semitool*, Plaintiffs' request here is specific,

20 particularized and cannot be characterized as a "fishing expedition."  Thirdly and

21 also similar to *Semitool*, Plaintiffs are seeking information (i.e. Defendants' eBay

22 and PayPal account records) it would otherwise be entitled to after the Rule 26(f)

23 conference because, as alleged in Plaintiffs' Complaint, Defendants have

24 conducted an illegal enterprise, completed sales of counterfeit products bearing

25 Plaintiffs' trademarks through the online ecommerce services provided by eBay,

26 and supported by the electronic payment services of PayPal.

27        Also, Plaintiffs presently seek expedited discovery to issue subpoenas to

28 eBay, Inc. and PayPal, Inc. in order to obtain further identifying information and

the whereabouts of Defendants so as to properly serve Defendants with a Summons and Complaint.   Therefore, because Defendants' present whereabouts are unknown and is presently evading service, the granting of this petition will allow Plaintiffs to obtain information to assit in and ensure proper service.  Thus, granting the petition will result in moving this litigation forward.   Moreover, Plaintiffs' particularized and narrowly tailored request will not prejudice Defendants, any persons, or third party entities because eBay, Inc. and PayPal, Inc., and any other third-party that may have further information on Defendants will have the opportunity to move this Court for an Order quashing such subpoena, will be able to give notice to their subscribers, such as Defendants, that this information is being sought, and their subscribers, including Defendants, will have the opportunity to raise any objections before this Court prior to the return date of the subpoena.

Based upon the foregoing, Plaintiffs have fully satisfied the "good cause" standard and expedited discovery should be granted in the interest of the swift administration of justice.

## C. Plaintiffs' Petition Also Meets the *Seescandy.com* Standard

Here, Plaintiffs meet the *Seescandy.com* four-prong standard for expedited discovery prior to a Rule 26(f) conference.   In deciding whether expedited discovery is proper prior to the Rule 26(f) conference courts will determine: (1) whether the plaintiff can "identify the missing party with sufficient specificity such that the Court can determine that Defendant is a real person or entity who could be sued in federal court"; (2) the previous steps taken by the plaintiff "to locate the elusive Defendant"; (3) whether plaintiff's "suit against Defendant could withstand a motion to dismiss"; and (4) whether plaintiff has "justified the [need for the] specific discovery requested." *Columbia Ins. Co.*, 185 F.R.D. at 578.

/ / /

**1)** <u>**Plaintiffs Have Set Forth Facts Identifying Defendants With Sufficient Specificity Supporting The Court's Jurisdiction Over Defendants**</u>

Plaintiffs have sufficiently identified Defendants such that the Court can determine Defendants are a "real person" and entity who can be sued in Federal court. *Seescandy.com*, 185 F.R.D. at 578-80.

Plaintiffs have identified Defendant SZD as a real corporate entity registerd with the State of California. Pham Decl., ¶10, Exh. D, thereto.  Also, Defendant IRSAT SOZUDEMIR a/k/a TYLER SOZUDEMIR is a "real person" because the individual is identified as the registered agent for service of processs for Defendant SZD by the California Secretary of State website. *Id*.  Furthermore, Defendants are real entities because Plaintiffs' investigator, through a specific website transaction on eBay, purchased the item – "NEW 82mm For BMW standard front rear badge hood trunk logo emblem 51148132375" – from Defendants' eBay seller "szdco" for $8.60. Pham Decl., ¶¶4-5, Exhs. A-B, thereto. Additionally, Plaintiffs received this evidentiary purchase from Defendants with a shipping label identifying the sender and return address as "SZDCO, 118 S WESTMORELAND AVE, LOS ANGELES CA 90004." Pham Decl., ¶5, Exh. B, thereto.  Furthermore, Plaintiffs' counsel received an email response to a October 19, 2015 email correspondence from a "Irsat Demr" that was signed "Tyler." Plaintiffs thereafter communicated with Defendants to try to resolve this matter, but Defendants eventually became unresponsive. Pham Decl., ¶¶6-7.

Undoubtedly, Defendants are a "real person" and entity whose true identities and whereabouts are likely known to eBay, Inc., and PayPal, Inc.

Additionally, based upon the facts pleaded in Plaintiffs' Complaint, and as set forth in the supporting attached Declaration, this Court has personal jurisdiction over Defendants.  Personal jurisdiction refers to the Court's power to render a judgment against a defendant that will be enforced by other courts.

*Burnham v. Superior Court*, 495 *U.S.* 604, 609-610 (1990).  Where there is no applicable federal statute governing personal jurisdiction, the law of the state in which the district court sits applies. *Harris Rutsky & Co. Ins. Services, Inc. v. Bell & Clements Ltd.*, 328 F.3d 1122, 1129 (9th Cir. 2003).  "General jurisdiction exists when a defendant is domiciled in the forum state or his activities there are 'substantial' or 'continuous and systematic.'" *Panavision Intern, LP v. Toeppen*, 141 F.3d 1316, 1320 (9th Cir. 1998) (*citing Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 414-416 (1984)).  Here and based upon present information on Defendants, Defendants are believed to reside and/or conduct business in the forum state, and is confirmed through the present limited information of eBay, PayPal, and the California Secretary of State website; thus, this Court has general jurisdiction over Defendants. Pham Decl., ¶¶3-10, Exhs. A-D, thereto.

**2)**  **Plaintiffs Have Exhausted Their Efforts To Fully Identify And Serve Defendants**

Plaintiffs presently have no alternative address for Defendants to effectuate service; thus, have exhausted their efforts.

eBay provided Plaintiffs with limited contact information for Defendants pursuant to Plaintiffs' request through eBay's VeRo program. Pham Decl., ¶9. eBay provided information identifying the person responsible for Defendants' eBay seller ID "lostyla" as: Irsat Sozudemir, 118 S. Westmorland Avenue, Los Angeles, CA 90004, phone no. 323-899-2298, and email address szd_@hotmail.com. *Id.*  This is the same address identified on the shipping label for Plaintiffs' evidentiary purchase and is the address registered with the California Secretary of State website for Defendant SZD. Pham Decl., ¶¶5, 10, Exhs. B, D, thereto.  Plaintiffs' process server unsuccessfully attempted to serve Defendants at the address and was advised by a neighbor that Defendants "moved out six months ago." Pham Decl., ¶11, Exh. E, thereto.

Plaintiffs' counsel even went as far as approaching Defendant IRSAT SOZUDEMIR's counsel for a unrelated recent personal injury matter in hopes of serving Defendants through counsel.  This approach was unsuccessful as counsel confirmed he was not representing Defendants for this matter. Pham Decl. ¶12.

Presently, there is no other information Plaintiffs can obtain for Defendants without discovery from eBay, Inc., PayPal, Inc., or similar third party service providers that are or can be linked to Defendants.  Plaintiffs have selected eBay, Inc. and PayPal, Inc. because Defendants utilized the services of these third-party entities to market and   process payment for Defendants' counterfeit products bearing Plaintiffs' Trademarks.

### 3)   Plaintiffs' Action For Trademark Infringement Would Withstand a Motion to Dismiss

Plaintiffs' Complaint sufficiently pleads a *prima facie* claim for trademark infringement and unfair competition to be able to withstand a motion to dismiss.

To prove a claim of trademark infringement under § 32(1) of the *Lanham Act*, a plaintiff must show that: (1) it owns the trademark at issue; (2) the defendant has used in commerce, without authorization, a copy, reproduction, counterfeit or colorable imitation of the plaintiff's mark in connection with the sale, distribution, or advertising of goods and services; and (3) the defendant's use of the mark is likely to cause confusion or to cause mistake or to deceive. *See* 15 *U.S.C.* § 1114(1).

In its Complaint, Plaintiffs allege all facts necessary to prove trademark infringement by Defendants. *See also* Pham Decl., ¶¶2-10, Exhs. A-E, thereto.

### 4)   Plaintiffs Have Justified the Requested Discovery

Plaintiffs have justified the need for the immediate discovery requested, to confirm Defendants' identities and to identify Defendants' whereabouts to effectuate service of process.

/ / /

Plaintiffs cannot participate in a Rule 26(f) conference to propound discovery because Defendants have not made an appearance in this action and have not filed a response to Plaintiffs' serious allegations; thus, no conference is possible and Plaintiffs have met its burden in showing that "good cause" exists for the granting of Plaintiffs' petition and have shown that the *Seescandy.com* factors have been met.  Furthermore, Plaintiffs have limited the subject matter concerning the discovery and has proposed an Order incorporating safeguards that permit the individual or entity whose records are sought to timely object.

Based upon the foregoing, "good cause" and all of the *Seescandy.com* factors have been met, and therefore expedited discovery is proper.

### 5)     This Court's Order Will Permit Limited Discovery of Records Subject to the *Privacy Act*

Moreover, should Plaintiffs require discovery from entities subject to the *Privacy Act*, 5 U.S.C. § 552a, this Court's Order allowing for limited discovery would provide for an exemption.  Pursuant to 5 U.S.C. § 552a(b)(11), disclosure of otherwise confidential information may be disclosed "pursuant to the order of a court of competent jurisdiction."   Thus, an order from this Court would be sufficient for entities subject to the *Privacy Act* to disclose records that will assist in identifying and serving Defendants with service of process.

## IV.     CONCLUSION

Plaintiffs seek leave of Court to serve limited discovery on eBay, Inc., PayPal, Inc., and any other entity aware of the whereabouts or identity of Defendants that may be determined by Plaintiffs' limited discovery in order to confirm Defendants' identities and contact informaiton in order to effectuate service of process.  This Court's granting of expedited limited discovery through Rule 45 subpoenas will be effectuated within twenty-one (21) days of such order.  The information sought pursuant to Rule 45 subpoenas are Defendants' true name(s), address(es), telephone number(s), and the identity(ies) of Defendants'

financial institution(s) through which Defendants utilized and/or processed payments pursuant to the alleged counterfeit commerce activities.

This expedited discovery is necessary prior to the Rule 26 conference to properly confirm identification and to serve Defendants, otherwise a Rule 26 conference will not be possible since Defendants have not appeared in this action. If the Court grants this request, eBay, Inc., PayPal, Inc., and other entities aware of the whereabouts or identity of Defendants will all have the opportunity to move this Court for an Order quashing the subpoena; will be able to give notice to its subscribers that this information is being sought, and any subscriber will have the opportunity to raise any objections before this Court prior to the return date of the subpoena.   Thus, no harm will be had against any persons or entities if early discovery is granted and Plaintiffs will be allowed a legal forum in which to seek redress for their legitimate grievances.

For the foregoing reasons, Plaintiffs respectfully submit that the Court grant the *Ex Parte* Application and enter an Order substantially in the form of the attached [Proposed] Order.

DATED: July 22, 2016                    JOHNSON & PHAM, LLP


By:   /s/ Hung Q. Pham
Hung Q. Pham, Esq.
Attorneys for Plaintiffs
BMW OF NORTH AMERICA, LLC;
BAYERISCHE MOTOREN WERKE AG;
and ROLLS-ROYCE MOTOR CARS
LIMITED